[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 5, 1954 in White Plains, New York. They have resided continuously in this state since 1964. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in Section 46b-81 and Section 46b-82 of the Connecticut General Statutes in reaching the decision reflected in the orders that follow.
This is a marriage of some 38 years. The Plaintiff is 65 years of age, the Defendant is 68 years old. The Plaintiff wife is legally blind, however she does hairdressing approximately 3 days per week. She is presently living in the marital home with her Mother aged 88 or 89 and her Aunt aged 87. The marital home was purchased in 1964. The parties agreed that it has a fair market value in its present condition of $300,000. The photographs of the home indicate that no repair or maintenance work has been performed in this home and it is in a neglected state. In spite of its poor CT Page 2509 condition the Plaintiff desires to continue to live there with her Mother and Aunt. The Plaintiff is familiar with the home and it is close by to stores and other establishments. There is no mortgage on the marital home.
In November 1984 the Plaintiff experienced some difficulty with her eyes and sought medical treatment. The Plaintiff instituted a civil suit as the result of her loss of eyesight and in 1987, she recovered the sum of one million Dollars. The Plaintiff's net recovery was $748,508. there was no claim for loss of consortium nor for loss of wages in this law suit.
The parties had experienced marital difficulties for some time. The Plaintiff claims there was no relationship and no marriage left at the time of her eye injury in 1984. The Defendant admits to a 10 year relationship with another woman although very little evidence was presented as to the extent of this relationship.
The Defendant is a self-employed painter. He appears to be in good health. In addition to income from his painting, the Defendant receives $759. per month Social Security benefits and a monthly pension of approximately $110.70. The defendant is a one-half owner of Real Estate located in New York. This real estate was the marital home of the Defendant's father and wife. The Defendant's step-mother currently resides there. The Defendant has not contributed anything to the upkeep or maintenance of this New York property. The Court finds that this property has a total value of $192,000.
The parties have one child of the marriage who is aged 33. The parties provided their son with an education and their son has a PhD in Psychology. The Plaintiff gave their son approximately $200,000. from her settlement proceeds.
Both parties are in the twilight years of their life. Although the Plaintiff is legally blind she attempts to do hairdressing on a weekly basis to keep herself active. Her ability to acquire future capital assets would appear slim. Neither party is requesting alimony. The Defendant is pursuing his painting and expects to continue to do so to supplement his social security and pension income. The Plaintiff is also entitled to Social Security benefits but has not started to draw this benefit. The Plaintiff's financial affidavit indicates monthly expenses of $2952.51 and total net income of $3473.62 per month. The income does not include the present outstanding Pendente Lite award of $400 per month plus Defendant's contribution of 1/2 of the house expenses. The Pendente Lite order has been in effect since July 1990. The Plaintiff was unable to account for these proceeds except to indicate that she spent the money. CT Page 2510
The Defendant is presently residing in the marital home.
The Court finds that the Defendant is the one-half owner of Real Estate in New York, the Defendant's interest being approximately $100,000.- The Defendant was the owner of this Real Estate prior to this marriage.
The Court finds that the jointly-owned marital home in Greenwich has a fair market value of approximately $300,000.- even in its present state of disrepair. There is no mortgage on their real estate.
The Court finds that the Plaintiff recovered a net award of approximately $750,000 in 1987 as compensation to the Plaintiff for her physical injuries. The Plaintiff is legally blind. No loss of consortium was claimed in the lawsuit nor was there a claim for loss of earnings. The Plaintiff gave their son $200,000.- from her settlement proceeds.
The Court finds that during the course of the marriage the Defendant turned over cash from his painting business to the Plaintiff and the Plaintiff paid all the family bills. The testimony of the parties leaves much to be desired with respect to the amount and the frequency of the cash from the Defendant, as well as the amount of the Plaintiff's income from her business as a hairdresser.
The Court has carefully considered the statutory criteria as set forth in Section 46b-81 and Section 46b-82 C.G.S.A. in reaching the decisions reflected in the orders that follow.
The Court declines to assess fault to either party for the breakdown of their relationship.
1. The Defendant is awarded a lump sum property settlement in the amount of $150,000 (One Hundred Fifty Thousand Dollars) to be paid by the Plaintiff to the Defendant as follows:
 1) $75,000. within 30 days of date, Balance of 2) $75,000. to be paid on or before February 1, 1993.
2. The Defendant shall forthwith quit claim all his right, title and interest in and to the Real Estate located at 2 Maher Avenue, Greenwich, Connecticut to the Plaintiff. The Plaintiff shall be entitled to exclusive possession of said premises. The Defendant shall vacate said premises within one week of date.
3. All other property real or personal now held in the name of the wife shall be her sole property. CT Page 2511
4. The interest in the New York real estate now held by the Defendant shall remain his property.
5. The Defendant shall be entitled to his clothing, tools of the trade, his ladders and business equipment. The furniture and furnishings contained in the marital home shall be the sole property of the Plaintiff.
6. No alimony is awarded to either party.
7. The Defendant shall be allowed to transfer the current phone number to his new address.
8. The Court finds an arrears in the Pendente Lite orders for the month of February 1992 in the amount of $400. In addition, the Defendant is responsible for one-half of the bills as ordered in the Pendente Lite order of July 1990. The Plaintiff shall provide the Defendant with copies of the bills to be paid. Said arrears shall be paid within 30 days of date.
9. The Plaintiff is granted a change of name to Dorothy Repp.
10. Each party shall pay their respective counsel fees.
COPPETO, JUDGE